**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50233 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00098-VAP-2 |
| v. | |
| CAESAR ANDERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 4, 2010[**]
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN, District Judge.[***]

Caesar Anderson pled guilty to assaulting a federal officer in violation of 18

U.S.C. § 111(a)(1). He appeals his 120-month sentence, arguing that the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

court abused its discretion by determining that the severity of the injuries Anderson inflicted on his victim was between "Serious Bodily Injury" and "Permanent or Life-Threatening Bodily Injury," as those terms are defined in the Sentencing Guidelines. *See United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009). We affirm.

In the section corresponding to Anderson's offense, the Guidelines call for a five-level increase to the base offense level if the victim sustains "Serious Bodily Injury," which is an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S. Sentencing Guidelines Manual §§ 1B1.1 cmt. n.1(L), 2A2.2(b)(3)(B). The Guidelines call for a seven-level increase if the victim sustains "Permanent or Life-Threatening Bodily Injury," which is an "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." *Id.* §§ 1B1.1 cmt. n.1(J), 2A2.2(b)(3)(C). Finally, the Guidelines call for a six-level increase if the severity of the injury lies between "Serious Bodily Injury" and "Permanent or Life-

2

Threatening Bodily Injury. *See id.* § 2A2.2(b)(3)(E). The district court applied a six-level increase when determining the advisory Guidelines range.

Anderson's victim suffered a broken ankle in the assault. A broken bone, standing alone, can be a "Serious Bodily Injury." *See United States v. Snider*, 976 F.2d 1249, 1252 (9th Cir. 1992). In addition to the broken ankle, the victim suffered a broken nose, a concussion with head injury, contusions on his face, swelling above his ear, bruises on his arms, displaced nasal bone fractures, and a torn ligament in his right ankle. He was temporarily blinded and choked on his own blood, and he may have lost consciousness. He was diagnosed with posttraumatic stress syndrome, experienced three months of dizziness, and had to take narcotic pain and anti-inflammatory medication, wear an ankle brace, and undergo physical therapy. The bridge of his nose is permanently disfigured. *Id.*

The damage to the victim's ankle by itself represented a "Serious Bodily Injury." Given the additional injuries, such as the concussion and permanent disfigurement, the district court did not abuse its discretion by determining that the severity of the injuries was between "Serious Bodily Injury" and "Permanent or Life-Threatening Bodily Injury."

**AFFIRMED.**